[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER
This matter came to be heard before Ms. Justice and after trial, judgment is entered for the plaintiffs. The defendants are to convey the property to the plaintiffs. The plaintiffs are to transmit a check in the amount of Ten Thousand Nine Hundred Fifteen and 61/100 Dollars ($10,915.61) to the defendants plus the amount paid by Defendants for property taxes as required by their August 14, 1980 Option agreement for said property. Plaintiffs' claim for punitive damages is denied. Plaintiffs are awarded judgment for attorneys' fees, costs, and expenses plus interest. Such amounts shall be determined after further hearing. Before entry of this order, Plaintiffs should be allowed to review and contest Defendants' computation of property taxes and Defendants should be allowed to review and contest Plaintiffs' computation of attorneys' fees.
PER ORDER ENTERED
__________________________ ________________________ JUSTICE CLERK
DECISION
Before the Court are defendants' motions for relief from judgment and for an injunction. Also before the Court is plaintiffs' motion to adjudge in contempt. This court takes jurisdiction pursuant to G.L. 1956 (1985 Reenactment) § 8-2-14.
For the reasons set out below, this Court denies plaintiffs' motion and grants defendants' motions. Therefore, plaintiffs are restrained and enjoined from collecting attorney's fees until such time as defendants are allowed to review and contest certain elements of the award contained in the order prepared by plaintiffs' attorney. The execution upon the subject order is stayed pending entry of a new order.
Background
The underlying dispute from which the instant motion arose was an action for specific performance of an option contract. In 1980, plaintiffs conveyed property to defendants as security for a loan. Defendants executed an option to purchase that property in favor of plaintiffs. Plaintiffs decided to exercise their option and did so pursuant to the terms of the option contract. The defendants refused to convey the property so plaintiffs filed suit in Superior Court.
On April 13, 1992, after trial, the trial court rendered a bench decision in favor of plaintiffs which referred to the option as, "simple, clear and unambiguous." Additionally, plaintiffs' attorney was awarded attorney's fees. He was also instructed to prepare an order. It is that order that is at the heart of defendants' motion.
Plaintiffs' motion resulted from defendants' failure to convey the property pursuant to the option and the decision by the trial judge. They move that defendants be adjudged in contempt.
DISCUSSION
The defendants first claim that the order was entered improperly because plaintiffs never sent them a copy of the order. The Rhode Island Rules of Civil Procedure do not expressly require an order drafted ex parte to be served upon an opposing party. Rule 5 requires service on the other party of an order, "required by its terms to be served. . . ." R.C.P. 5. Neither the order in the instant case nor the decision on which it was based required service on the absent party. The only aspect of the order required to be served on defendants by the Rules was the award of costs. R.C.P. 54. Although plaintiffs may not have served the award of costs on defendants, the entry of the order was defective in other ways described below. Therefore, the taxation of costs issue need not be decided.
Plaintiffs allege that they sent a copy of the order to defendants along with a letter on two occasions in 1992. Defendants deny ever having received the order. What happened to the mailed orders is unclear. This Court can find no evidence to suggest that defendants received a copy of the order. Therefore, any amounts contained in the order which were set by plaintiffs' attorney but not argued at the trial in the underlying action were determined ex parte. This Court believes that defendants should be given the opportunity to contest those amounts.
Therefore plaintiffs' attorney should send to defendants' attorney an affidavit for attorney's fees. Defendants' attorney, if he believes that amount excessive, should then be allowed to contest that amount at a hearing.
Similarly, defendants' attorney should send to plaintiffs' attorney proof of the amount of property taxes paid by defendants. If plaintiffs disagree with the amount, they should be allowed to contest the issue at a hearing as well.
After the attorney's fees, court costs, and expenses are settled, the clerk may be required to recompute interest. However, if the judgment equals $7,298.75 as was stated in the original order, then interest in the amount of $5911.00 stands. In that case, the clerk's original judgment-plus-interest total of $13,210.74 stands. The clerk was, in other words, correct.
Plaintiffs' Motion to Adjudge in Contempt
As stated above, defendants never received the order. To hold them in contempt for violation of that order would be unfair. As Judge Selya of the First Circuit Court of Appeals has written, "a corollary of the requirement that orders enforceable through the contempt power be clear and unambiguous is that those who would suffer penalties for disobedience must be aware not merely of an order's existence, but also of the fact that the order is directed at them." Project B.A.S.I.C. v. Kemp, 947 F.2d 11, 17 (1st Cir. 1991).
The uncertainty surrounding the terms of the order warrant dismissing this motion as well. The terms of the option are clear and should be abided by defendants. However, this Court declines to hold defendants in contempt, at least for the moment.
CONCLUSION
The execution upon the original order is stayed pending the entry of a new order. In the meantime, plaintiff's attorney is restrained and enjoined from collecting attorney's fees until such time as defendants are allowed to review and contest those amounts. Moreover, defendants should be allowed to contest the amount of taxes owed by them to plaintiffs pursuant to the terms of the option. A copy of the new order is attached to this decision.